## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, 1565 Sam Rittenberg Blvd., Ste. 102 Charleston, SC 29407 ) ) ) ) ) | CASE NO. |
| Plaintiff, ) ) | JUDGE |
| vs. ) ) | MAGISTRATE |
| DENISE GAWAJEK 3810 Ruth Dr. Brunswick, OH 44212, ) ) ) ) | |
| KELLY A. HESKETH, AS EXECUTOR OF THE ESTATE OF KENNETH H. SCHMIDT, DECEASED 1010 Riverwalk Dr. Simpsonville, SC 29681, ) ) ) ) ) ) | |
| KELLY A. HESKETH 1010 Riverwalk Dr. Simpsonville, SC 29681, ) ) ) ) | |
| JEFF K. SCHMIDT 7620 Thompson Rd. Cincinnati, OH 45247, ) ) ) ) | |
| KERRI A. SCHMIDT 3940 Mack Rd. Fairfield, OH 45014, ) ) ) ) | |
| LORETTA A. SCHMIDT 8771 Carrousel Park Cir. Cincinnati, OH 45241, ) ) ) | |
| Defendants. | |

## INTERPLEADER COMPLAINT

Plaintiff Atlantic Coast Life Insurance Company for its interpleader complaint against the

above-named defendants, states as follows:

## Parties

1.      Plaintiff-stakeholder Atlantic Coast is a South Carolina stock company with its principal place of business in Charleston, South Carolina.

2.      Upon information and belief, Defendant Denise Gawajek is a resident and citizen of Brunswick, Medina County, Ohio.

3.      Upon information and belief, Defendant Kelly A. Hesketh is the Executor of the Estate of decedent Kenneth H. Schmidt.

4.      Upon information and belief, Defendant Kelly A. Hesketh is a resident and citizen of the State of South Carolina.

5.      Upon information and belief, Defendant Jeff K. Schmidt is a resident and citizen of the State of Ohio.

6.      Upon information and belief, Defendant Kerri A. Schmidt is a resident and citizen of the State of Ohio.

7.      Upon information and belief, Defendant Loretta A. Schmidt is a resident and citizen of the State of Ohio.

## Jurisdiction and Venue

8.      Jurisdiction is properly placed in this court pursuant to 28 U.S.C. § 1335 because (a) Atlantic Coast has in its custody or possession money, property, or other instruments of value of $500 or more which is subject to competing asserted and potential claims of entitlement thereto; and (b) two or more defendants-claimants are of diverse citizenship as defined in 28 U.S.C. § 1332 — the "minimal diversity" required by 28 U.S.C. §1335 and *Lindenberg v. Jackson National Life Insurance Company.*, 912 F.3d 348, 356 (6th Cir. 2018).

-2-

9.      Venue is properly placed in this district pursuant to 28 U.S.C. § 1397, which provides that venue is proper in any district where one or more of the defendants-claimants reside, because Defendant Denise Gawajek resides in Medina County, Ohio.

### Facts

10.     Plaintiff was at all relevant times herein a life insurance company which issued a life insurance annuity to Decedent Kenneth H. Schmidt ("Decedent").

11.     The life insurance annuity issued by Plaintiff on May 22, 2022 to Decedent had a Policy Number of 02204119079 (the "Annuity"), and the amount of insurance to be paid upon Decedent's death was $219,729.34 (the "Disputed Property"). The Annuity is attached hereto as Exhibit "A."

12.     Pursuant to a Judgment Entry, dated May 4, 2017, the Probate Court of Hamilton County, Ohio (the "Probate Court"), adjudicated Decedent as an incompetent person by reasons of Alzheimer's and appointed Jeffrey K. Schmidt as Decedent's guardian in *In Re Guardianship of Kenneth Schmidt*, Case No. 2017001567 (the "Guardianship Case"). The Judgment Entry Appointment of Guardian for Incompetent Person and Statement of Expert Evaluation are attached hereto as Exhibit "B."

13.     On February 26, 2021, the Probate Court terminated Decedent's guardianship. The Entry Terminating Guardianship is attached hereto as Exhibit "C."

14.     Upon information and belief, Decedent executed a Power of Attorney, dated April 26, 2021, appointing Defendant Kelly A. Hesketh as Decedent's agent. The Power of Attorney is attached hereto as Exhibit "D."

15.     The Probate Court closed the Guardianship Case on June 28, 2021.

16.     Decedent's Application for Individual Single Premium Deferred Index Annuity, dated April 22, 2022 (the "Application"), initially listed the following primary beneficiaries with

respective interests: (1) 20% to Defendant Denise Gawajek, Decedent's daughter; (2) 20% to Defendant Jeff K. Schmidt, Decedent's son; (3) 20% to Defendant Kelly A. Hesketh, Decedent's daughter; and (4) 40% to Defendant Kerri A. Schmidt, Decedent's daughter. The Application is attached hereto as Exhibit "E."

17. Plaintiff received a signed Change of Beneficiary Form for Decedent's Annuity, dated December 7, 2023, naming the following primary beneficiaries with respective interests: (1) 50% to Defendant Loretta A. Schmidt, Decedent's former spouse[1]; (2) 10% to Defendant Denise Gawajek, Decedent's daughter; and (3) 10% to Defendant Jeff K. Schmidt, Decedent's son. The Change of Beneficiary Form also listed the following contingent beneficiaries with respective interests: (1) 10% to Defendant Kelly A. Hesketh, Decedent's daughter; and (2) 20% to Defendant Kerri A. Schmidt, Decedent's daughter. The Change of Beneficiary Form is attached hereto as Exhibit "F."

18. Upon information and belief, on December 15, 2024, Decedent died at Hospice of Cincinnati in Blue Ash, Hamilton County, Ohio. The Certificate of Death is attached hereto as Exhibit "G."

19. On or around February 6, 2025, Plaintiff received an Annuity Claim Form for Decedent's Annuity from Defendant Loretta A. Schmidt, as a beneficiary of the Annuity.[2] The Annuity Claim Form is attached hereto as Exhibit "H."

20. On or around January 9, 2025, Plaintiff received an email from Defendant Kelly A. Hesketh, Executor of Decedent's estate, stating the Decedent's Annuity beneficiaries "were fraudulently changed recently," and instructing Plaintiff to cease and desist any and all distributions. A copy of the January 9 email is attached hereto as Exhibit "I."

---

[1] The Application designates Defendant Loretta A. Schmidt's relationship to Decedent as "spouse."

[2] The Annuity Claim Form designates Defendant Loretta A. Schmidt's relationship to Decedent as "X Wife."

21.     Plaintiff received an email from Defendant Kelly A. Hesketh, dated February 14, 2025, again advising Plaintiff of potential fraud in connection with the Change of Beneficiary Form for Decedent's Annuity. The February 14 email is attached hereto as Exhibit "J."

22.     Plaintiff received two additional emails from Defendant Kelly A. Hesketh, both dated March 27, 2025, again instructing Plaintiff to cease and desist distributions and alleging Defendant Loretta A. Schmidt fraudulently executed the Change of Beneficiary Form for Decedent's Annuity. In the March 27 emails, Defendant Kelly A. Hesketh included alleged statements from Defendant Kerri A. Schmidt and Defendant Jeffrey K. Schmidt. The March 27 emails, including all attachments, are attached hereto as Exhibit "K."

## COUNT I
### (Interpleader Pursuant to 28 U.S.C. § 1335)

23.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 as if fully rewritten herein.

24.     Plaintiff claims no independent beneficial interest in the Disputed Property but is merely a stakeholder.

25.     Each of the Defendants has claimed, or may claim, ownership of or interest in the Disputed Property.  Upon information and belief, Plaintiff is unsure at this point in time as to who is the legal and proper beneficiary or beneficiaries of the Annuity. Plaintiff has no independent opinion as to which of the competing claims among Defendants are meritorious.  As a result, Plaintiff is exposed to multiple liability.

26.     Without a determination of the Court, Plaintiff accordingly cannot disburse the Disputed Property to one or more of the Defendants without danger of being held to have done so improperly.

27.     Plaintiff is prepared to deposit the Disputed Property into the registry of this Court or to give bond therefor in whatever manner is ordered by the Court.

WHEREFORE, Plaintiff demands:

1)      that Defendants in interpleader be required to interplead and litigate among themselves their claims to the proceeds described herein;

2)      that the Court determine and enter an Order setting forth the proper recipient(s) of the proceeds; and

3)      that upon payment of the Disputed Property to the Clerk of Courts, Plaintiff will be dismissed from this action with prejudice.

Respectfully submitted,

*/s/ Barry Y. Freeman*
Barry Y. Freeman (0062040)
**ROETZEL & ANDRESS, LPA**
1375 E. 9th Street, 10th Floor
Cleveland, OH 44114
Telephone: (216) 623-0150
Facsimile: (216) 623-0134
Email: bfreeman@ralaw.com

Jillian J. Jewett (102599)
**ROETZEL & ANDRESS, LPA**
222 S. Main Street, Suite 400
Akron, OH 44308
Telephone: (330) 434-7085
Facsimile: (330) 376-4577
Email: jjewett@ralaw.com

*Counsel for Plaintiff*