IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | Case No. 1:25-cv-00683 |
| Plaintiff, | Honorable David A. Ruiz |
| v. | |
| DENISE GAWAJEK, ET AL., | |
| Defendants. | |

## DEFENDANT LORETTA A. SCHMIDT'S ANSWER AND CROSSCLAIM

Now comes Defendant Loretta Schmidt ("Defendant" or "Schmidt"), by and through counsel, and for her Answer and Crossclaim to the Plaintiff Atlantic Coast Life Insurance Company's ("Plaintiff" or Atlantic Coast") Interpleader Complaint, it hereby states as follows:

### FIRST DEFENSE

1. Defendant denies the allegations in paragraphs 1 and 2 of the Complaint for lack of knowledge.

2. Defendant denies the allegations in paragraph 3 of the Complaint. Further answering, Defendant denies that Defendant Kelly A. Hesketh has been duly appointed

as the Executor of the Estate of decedent Kenneth H. Schmidt and denies that any probate administration has been opened related to decedent Kenneth H. Schmidt.

3. Defendant admits the allegations in paragraph 4 of the Complaint.

4. Defendant admits the allegations in paragraph 5 of the Complaint.

5. Defendant admits the allegations in paragraph 6 of the Complaint.

6. Defendant admits the allegations in paragraph 7 of the Complaint.

7. Defendant denies the allegations in paragraph 8 of the Complaint for lack of knowledge.

8. Defendant denies the allegations in paragraph 9 of the Complaint for lack of knowledge.

9. Defendant admits the allegations in paragraph 10 of the Complaint.

10. Defendant admits the allegations in paragraph 11 of the Complaint.

11. Defendant admits the allegations in paragraph 12 of the Complaint.

12. Defendant admits the allegations in paragraph 13 of the Complaint.

13. Defendant denies the allegations in paragraph 14 of the Complaint for lack of knowledge.

14. Defendant admits the allegations in paragraph 15 of the Complaint.

15. Defendant admits the allegations in paragraph 16 of the Complaint.

16. Defendant admits the allegations in paragraph 17 of the Complaint.

17. Defendant admits the allegations in paragraph 18 of the Complaint.

18.     Defendant admits the allegations in paragraph 19 of the Complaint.

19.     Defendant denies the allegations in paragraph 20 of the Complaint for lack of knowledge.

20.     Defendant denies the allegations in paragraph 21 of the Complaint for lack of knowledge.

21.     Defendant denies the allegations in paragraph 22 of the Complaint for lack of knowledge.

22.     In response to paragraph 23 of the Complaint, Defendant restates each and every foregoing admission and denial as if fully rewritten herein.

23.     Defendant admits the allegations in paragraph 24 of the Complaint.

24.     In response to paragraph 25 of the Complaint, Defendant admits that she claims an interest in the Disputed Property.  Defendant denies the remaining allegations in paragraph 25 of the Complaint for lack of knowledge.

25.     Defendant denies the allegations in paragraph 26 of the Complaint for lack of knowledge.

26.     Defendant denies the allegations in paragraph 27 of the Complaint for lack of knowledge.

27.     Defendant expressly denies each and every allegation in the Complaint not specifically denied in the foregoing paragraphs and/or not specifically admitted herein.

## SECOND DEFENSE

28.     The Complaint fails to state a claim against Defendant upon which relief can be granted.

## THIRD DEFENSE

29.     This Court lacks subject matter jurisdiction over Plaintiff's Complaint until such time as Plaintiff either deposits the Disputed Property with the Clerk of this Court, or posts a bond therefore in whatever manner ordered by the Court.

## FOURTH DEFENSE

30.     Defendant hereby provides notice of its intent to rely on such additional affirmative defenses as are revealed during the course of discovery in this matter.

## CROSS-CLAIM

Now comes Defendant/Cross-Claimant Loretta Schmidt ("Cross-Claimant"), and for her Cross-Claims against Defendants Denise Gawalek, Kelly A. Hesketh, individually, Jeff K. Schmidt, and Kerri A. Schmidt, (collectively, "Cross-Claim Defendants"), hereby states as follows:

1.     Plaintiff Atlantic Coast Life Insurance Company ("Plaintiff") issued a life insurance annuity to Decedent Kenneth H. Schmidt ("Decedent") on May 2, 2022 known as Policy Number 02204119079 (the "Annuity") and the amount of insurance to be paid upon Decedent's death was $219,729.34 (the "Disputed Property").  A true and accurate copy of the Annuity is attached as Exhibit A to Plaintiff's Complaint.

4

2.      Decedent executed a Change of Beneficiary Form for the Annuity dated December 7, 2023 ("Beneficiary Change Form"). A true and accurate copy of the Beneficiary Change Form is attached as Exhibit F to Plaintiff's Complaint.

3.      The Beneficiary Change Form identifies the following primary beneficiaries with respective interests: 1) 50% to Cross-Claimant; 2) 10% to Defendant Denise Gawalek; and 3) 10% to Defendant Jeff K. Schmidt. The Beneficiary Change Form further lists the following contingent beneficiaries with respective interests: 1) 10% to Defendant Kelly A. Hesketh; and 2) 20% to Defendant Kerri A. Schmidt.  A true and accurate copy of the Beneficiary Change Form is attached as Exhibit F to Plaintiff's Complaint.

4.      Decedent died on December 15, 2024.  A true and accurate copy of Decedent's death certificate is attached as Exhibit G to Plaintiff's Complaint.

### <u>COUNT ONE</u>
### (Declaratory Judgment under 28 U.S.C. § 2201)

5.      Cross-Claimant restates each and every allegation set forth above as if fully rewritten herein.

6.      A dispute and actual controversy has arisen between Cross-Claimant and Cross-Claim Defendants as to the validity and enforceability of the Beneficiary Change Form and the parties' respective interests in and to the Disputed Property.

7.      Cross-Claimant therefore seeks a judicial declaration that: 1) the Beneficiary Change Form is valid and enforceable; 2) Cross-Claimant has a valid and enforceable interest in and to the Disputed Property as identified in the Beneficiary Change Form;

and 3) Cross-Claim Defendants each respectively has a valid and enforceable interest in and to the Disputed Property as identified in the Beneficiary Change Form.

**COUNT TWO**
**(Judgment for Interpleaded Funds)**

8.      Cross-Claimant restates each and every allegation set forth above as if fully rewritten herein.

9.      In that Cross-Claimant is entitled to recover her interest in and to the Disputed Property as identified in the Beneficiary Change Form, she is entitled to judgment in her favor directing disbursement of 50% of the Disputed Property to her.

WHEREFORE, Cross-Claimant Loretta Schmidt prays for judgment in her favor and against Cross-Claim Defendants as follows:

A.  As to Count One, a judicial declaration that 1) the Beneficiary Change Form is valid and enforceable; 2) Cross-Claimant has a valid and enforceable interest in and to the Disputed Property as identified in the Beneficiary Change Form; and 3) Cross-Claim Defendants each respectively has a valid and enforceable interest in and to the Disputed Property as identified in the Beneficiary Change Form;

B.  As to Count Two, a direction to the holder of the Disputed Property to disburse 50% of the Disputed Property to Cross-Claimant;

C.  As to all parts of this pleading, judgment in favor of Cross-Claimant Loretta

Schmidt and against Cross-Claim Defendant and for such other and further

relief, at law or in equity, which this Court deems proper and just.

Respectfully submitted,

*/s/ Jeffrey M. Nye*
Jeffrey M. Nye (0082247)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Tel. (513) 533-6714
Fax (513) 533-2999
jmn@sspfirm.com
***Attorney for Defendant Loretta A. Schmidt***

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **ANSWER AND CROSSCLAIM** was served on all counsel of record via CM/ECF and by regular U.S. mail, postage prepaid, on the remaining parties identified in the attached Service List on May 16, 2025.

/s/ *Jeffrey M. Nye*
Jeffrey M. Nye (0082247)

**SERVICE LIST**
**CASE NO. 1:25-CV-00683**
**ATLANTIC COAST LIFE INS. CO. vs. GAWELEK, ET AL.**

**Kelly A. Hesketh, as Executor of the Estate of Kenneth H. Schmidt, deceased**
**1010 Riverwalk Drive**
**Simpsonville, SC 29681**

**Kelly A. Hesketh**
**1010 Riverwalk Drive**
**Simpsonville, SC 29681**

**Jeff K. Schmidt**
**7620 Thompson Road**
**Cincinnati, OH 45247**

**Kerri A. Schmidt**
**3940 Mack Road**
**Fairfield, Ohio 45014**