**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| ATLANTIC COAST<br>LIFE INSURANCE CO. , | : | Case No. 1: <u>25</u> -cv- <u>706</u> |
| | : | |
| Plaintiff(s), | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| DENISE GAWAJEK et al , | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

---

### JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)

---

All parties to this case, by and through their respective counsel, jointly submit this Joint Discovery Plan pursuant to Fed. R. Civ. P. 26(f) and the Court's Standing Order Regarding Procedures in Civil Cases. The parties held their discovery conference on <u>March 6, 2026</u> , 20___.

**A.    MAGISTRATE CONSENT**

The parties:

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c).

☒ Do not unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. 636(c).

☐ Unanimously consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) solely for purposes of deciding the following pretrial motions dispositive motions: _____
_____
_____.

☐ Unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) for trial purposes only if the District Judge assigned is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

**B.**     **RULE 26(a) DISCLOSURES**

☒ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

☐ The parties will exchange such disclosures by _____.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

**NOTE**:  Rule 26(a) disclosures are **NOT** to be filed with the Court.

**C.**     **DISCOVERY ISSUES AND DATES**

**1.**   Discovery will need to be conducted on the issues of

Testamentary capacity of the decedent; susceptibility of the decedent to undue

influence; existence or exercise of undue influence

See note in part 9 below for discovery timeline

**2.**  The parties recommend that discovery

☒  need not be bifurcated.

☐  Should be bifurcated between liability and damages.

☐  Should be bifurcated between factual and expert.

☐  Should be limited to or focused upon issues relating to _____.

**3.**  Disclosure and report of Plaintiff(s) expert(s) by  Sept. 18, 2026_____.

**4.** Disclosure and report by Defendant(s) expert(s) by <u>Oct. 30, 2026</u>.

**5.** Disclosure and report of rebuttal expert(s) by <u>               </u>.

**6.** Disclosure of non-expert (fact) witnesses by <u>September 15, 2026</u>.

**7.** Discovery cut-off <u>Dec. 15, 2026</u>.

**8.** Anticipated discovery problems

    ☐ <u>                                       </u>

       <u>                                       </u>

       <u>                                       </u>

    ☒ None.

**9.** Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

Discovery will focus on the decedent's medical records (expected to be obtained by mid/late May 2026), and a small and known universe of fact witnesses. Parties anticipate a potential mediation, to be conducted by July 10, 2026. If necessary, parties will do additional fact discovery, and all expert discovery, after mediation.

**10. Discovery of Electronically Stored Information**.  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

    ☐ Yes

    ☒ No

        **i.** The parties have electronically stored information in the following formats:

_____

_____

_____

        **ii.** The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties do not ancticipate significant ESI. Medical records may exist natively as ESI but

the parties anticipate they will be produced in hard copy.

_____

_____

**11. Claims of Privilege or Protection.**  The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    ☐ Yes

    ☒ No

        **i.** The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

The parties do not anticipate any significant issues relating to work-product or trial-preparation

materials

_____

_____

      ii.  Have the parties agreed on a procedure to assert such claims

          AFTER production?

            ☒  No

            ☐  Yes

            ☐  Yes, and the parties ask that the Court include the
               following agreement in the scheduling order:

_____

_____

_____

**D.**    **<u>LIMITATIONS ON DISCOVERY</u>**

    1.  Change in the limitations on discovery

        ☐  Increase the amount of time (currently 1 day of 7 hours) permitted

           in which to complete depositions to _____.

        ☐  Increase the number of depositions (currently 10) permitted to

           _____.

        ☐  Increase the number of interrogatories (currently 25) permitted to

           _____.

        ☒  None.

E.    **PROTECTIVE ORDER**

☐  A protective order will be submitted to the Court on or before

_____.

☒  The parties currently do not anticipate the need for a protective order.  If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court.  Such order will comply with *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996) and its progeny.

F.    **SETTLEMENT**

A settlement demand ☐ has or ☒ has not been made.

A response to the demand ☐ has or ☒ has not been made.

A demand can be made by  _mediation_____.

A response can be made by  _mediation_____.

G.    **MOTION DEADLINES**

**1.**  Motion to amend the pleadings and/or add parties by  _August 15, 2026_____.

**2.**  Motions related to the pleadings by  _____.

**3.**  Dispositive motions by  __60 days after discovery cutoff__.

H.    **OTHER MATTERS**

This interpleader case involves the validity of a change of beneficiary for an annuity. Plaintiff is insurance company, but as practical matter the beneficiaries whose interests were reduced are acting as plaintiffs.

Parties expect Hamilton County Probate Court to issue letters of authority to obtain decedent's medical records prior to case management conf. Parties are aware that Loretta Schmidt may assert tortious interference cross-claim if mediation unsuccessful. Protective order likely not needed, but some medical records may need sealing; parties will collaborate re sealing if necessary.

Parties request status conference for July or August (after mediation) - if experts are unnecessary at that time, parties may request to accelerate end of discovery and dispositive motion schedule

Signatures: _____     _____

             Attorney for Plaintiff(s)        Attorney for Defendant(s)

_____     _____

 /s/ Chris Mulvaney            /s/ Jeff Nye
_____     _____

  /s/ Jeff Krueger
_____     _____


_____     _____