IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | : | Case No. 1:25-cv-706 |
| | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DENISE GAWAJEK, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Plaintiff's Motion to Excuse it and its Counsel from Further Proceedings (Doc. 17). No opposition to this request has been filed. For the following reasons, the Court **GRANTS** this motion.

An interpleader action usually proceeds in two stages. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007). First, a court considers "whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id.* Then, proceeding to step two, a court determines "the respective rights of the claimants to the fund or property at stake via normal litigation processes." *Id.* Typically, "a disinterested stakeholder would deposit with the court the fund or property at issue and be discharged from further liability during the first stage of the action." *Prudential*

*Ins. Co. of Am. v. McFadden*, 504 F. Supp. 3d 627, 638 (E.D. Ky. 2020) (quotation omitted).

Upon review, the Court confirms subject matter jurisdiction because the amount in controversy exceeds $500, at least two adverse claimants have diverse citizenship, and the disputed funds have been deposited into the Court's Registry. *See* 28 U.S.C. § 1335(a). Additionally, interpleader has been properly invoked in this case because Plaintiff "legitimately fears multiple vexation directed against a single fund" and is a disinterested party. *High Tech. Prods.*, 497 F.3d at 642 (quotation omitted). No equitable concerns prevent interpleader. *Id.* at 641. Plaintiff has since deposited the full amount of the disputed funds with the Court. (*See* 7/29/2025 Financial Transaction; Order, Doc. 14.) The Court therefore finds it appropriate to discharge Plaintiff from liability in connection with the disputed proceeds and dismiss Plaintiff from this matter. *See Unum Life Ins. Co. of Am. v. Crane*, No. 5:24-CV-230, 2025 WL 664174, at *4 (E.D. Ky. Feb. 28, 2025).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Excuse (Doc. 17). Plaintiff Atlantic Coast Life Insurance Company is **DISCHARGED** from liability in connection with the disbursement of the proceeds in question and **DISMISSED WITH PREJUDICE** from this matter. Pursuant to 28 U.S.C. § 2361, Defendants are **ENJOINED** from instituting or pursuing other actions related to the disputed proceeds.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

2