AFFIDAVIT OF KENNETH L. STANFIELD

1. My name is Kenneth L. Stanfield. I am competent to testify and this affidavit is made from my own personal knowledge.

2. I am a licensed insurance agent in the State of Ohio, license no. 19581.

3. I have more than 40 years of experience as an insurance agent. I have been continuously licensed in Ohio since 1984 and have been working continuously as an agent during that time.

4. At all times relevant to the events described below I was the principal of Wealth Retirement Group, LLC.

5. In my capacity with Wealth Retirement Group I was an agent for Atlantic Coast Life Insurance Company.

6. In April of 2022 I met Mr. Kenneth Schmidt at his home at 8771 Carrousel Park Circle, Cincinnati, Ohio 45251, for the purpose of discussing the purchase of an annuity.

7. Whenever I meet with a client to discuss any insurance product, but particularly when I meet to discuss an annuity, it is my practice to take time to understand the client's personal financial circumstances and their family and relationships, and also to satisfy myself that the client has the capacity to make financial decisions such as the purchase of an annuity.

8. When I met Mr. Schmidt in April of 2022, he identified that he had four adult children: daughters Denise Gawajek, Kelly Hesketh, and Kerri Schmidt, and son Jeff Schmidt.

9. Mr. Schmidt was unmarried, but did reside with his partner, who was also his former spouse, Loretta Schmdit.

10. Based on my discussions with Mr. Schmidt, and based on my experience as an insurance agent since 1984, I believed Mr. Schmidt to be of sound mind. He understood the purpose of our meeting, he understood his assets and financial condition, he knew the names of his family members, and he understood and appreciated his relation to his family.

11. If I believed that he was not of sound mind, or if I believed that he did not understand the purpose of our meeting, his assets and financial condition, the names of his family members, or his relation to his family, I would not have recommended that he purchase an annuity.

12. Based on my conversation with Mr. Schmidt, I did recommend that he purchase an annuity. I completed the application with Mr. Schmidt, and he designated his four children as the beneficiaries of the policy in varying percentages.

13. I have reviewed the complaint in the case of *Atlantic Coast Life Insurance Company v. Gawajek*, and Exhibit E to the complaint is a copy of the annuity application.

14. The application was submitted to Atlantic Coast, and Atlantic Coast issued the annuity policy, no. 02204119079, in May of 2022.

15. I met with Mr. Schmidt on December 7, 2023, in person and at his home, to discuss the change.

16. Based on our discussions at that time, and based on my experience as an insurance agent since 1984, I still believed Mr. Schmidt to be of sound mind. As he had earlier, in December 2023 he understood the purpose of our meeting, he understood his assets and financial condition, he knew the names of his family members, and he understood and appreciated his relation to his family.

17. If I believed that he was not of sound mind, or if I believed that he did not understand the purpose of our meeting, his assets and financial condition, the names of his family members, or his relation to his family, I would not have assisted him in executing the change of beneficiary form.

18. He told me that the reason for the change was his desire to provide for his former spouse, Loretta Schmidt, with whom he still lived, even though they had divorced.

19. During our December 2023 meeting, I did not observe any signs of undue influence or duress. Based on my observations and interactions with him, Mr. Schmidt made the beneficiary change voluntarily under his own free will.

20. I did assist him with executing, and he did execute, the change in beneficiary form. I personally witnessed him sign the beneficiary form. The change designated Loretta Schmidt as the 50% beneficiary of the annuity, with the remainder divided between his four children in amounts between 10% and 20%.

21. I have reviewed the complaint in the case of *Atlantic Coast Life Insurance Company v. Gawajek*, and Exhibit F to the complaint is a copy of the annuity application.

22. Based on my conversations with Mr. Schmidt, and based on my experience in the industry since 1984, I believe that he was of sound mind and had the capacity to execute both the annuity application and the change in beneficiary form, and also that Mr. Schmidt was not subject to undue or improper influence at either time. I further believe for the same reasons that it was Mr. Schmidt's desire and intent that Loretta Schmidt receive one half of the proceeds of the annuity upon his death.

**FURTHER AFFIANT SAYETH NAUGHT.**

STANFIELD

____________________________
Kenneth L. Stanfield

Sworn to and subscribed before me by Kenneth L. Stanfield on August 26, 2026

____________________________
Notary Public

NOTARY PUBLIC STATE OF OHIO

TRISHA S HICSWA
Notary Public
State of Ohio
My Comm. Expires
April 28, 2030