IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | ) | CASE NO. 1:25-CV-00706 |
| Plaintiff, | ) | JUDGE McFARLAND |
| Vs. | ) | |
| DENISE GAWAJEK, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS DENISE GAWELEK, JEFFREY K. SCHMIDT, KERRI A. SCHMIDT, AND KELLY HESKETH'S JOINT MOTION TO DENY DEFENDANT LORETTA SCHMIDT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND ALLOW TIME TO ENGAGE IN DISCOVERY PURSUANT TO FED. R. CIV. P. 56(d)**

Rule 56(d) relief should generously be granted where a summary judgment motion is filed early in the litigation before a party has had any realistic opportunity to pursue discovery relating to its theory of the case. Here, Defendant Loretta Schmidt ("Schmidt") filed her Motion for Summary Judgment (Doc. 23) in this Court on September 17, 2026, approximately two months before the December 15, 2026 discovery deadline in this action. (Doc. 19). Defendants Denise Gawelek, Jeffrey K. Schmidt, Kerri A. Schmidt, and Kelly Hesketh (collectively, "Defendants") are engaged in discovery and are awaiting the production of medical records relating to the mental and physical condition of Decedent Kenneth Schmidt ("Decedent"). In this Circuit, the "[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Est. of Zakora v. Chrisman*, 44 F. F4th

452, 479 (6th Cir. 2022). A Memorandum in Support and Declaration in Support follow below.

Respectfully submitted,

/s/ Christopher J. Mulvaney
Christopher J. Mulvaney
THE MULVANEY FIRM, LLC
8190-A Beechmont Avenue, Suite 323
Cincinnati, OH 45255
Tel: (513) 300-3480
E-mail: CMulvaney@mulvaneylegal.com
***Attorney for Defendants Jeffrey K. Schmidt, Kerri A. Schmidt, and Kelly Hesketh***

Respectfully submitted,

KRUEGER AND VALENTE LAW, LLC

*/s/ Jeffrey W. Krueger*
Jeffrey W. Krueger (Bar No. 0030093)
Email: JWKrueger@KandV-Law.com
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800

*Counsel for Defendant Denise Gawelek*

# MEMORANDUM IN SUPPORT

## I. RELEVANT FACTS

Plaintiff Atlantic Coast Life Insurance Company ("Plaintiff") filed this action to interplead funds payable pursuant to a life insurance annuity purchased by Decedent. The amount payable is $219,729.34. Plaintiff is a South Carolina company with its principal place of business in Charleston, South Carolina, but filed the within action in the U.S. District Court, Northern District of Ohio because one or more of defendants reside in that jurisdiction.

On or about July 10, 2025, the U.S. District Court, Northern District of Ohio, accepted the interplead funds, effectively ending Plaintiff's involvement in the litigation. The remaining issue to be resolved via this litigation is the appropriate distribution of the annuity funds. Via the pleadings filed to date, the position of the various defendants appears to be as follows:

Defendant Loretta Schmidt seeks distribution consistent with a Change of Beneficiary Form purportedly executed December 7, 2023. That form provided for the following distributions:

(1) 50% to Defendant Loretta A. Schmidt, decedent's former spouse;

(2) 10% to Defendant Denise Gawejek, Decedent's daughter;

(3) 10% to Defendant Jeff Schmidt, Decedent's son.

The Change of Beneficiary Form also listed the following contingent beneficiaries with respective interests:

(1) 10% to Defendant Kelly Hesketh, Decedent's daughter; and

(2) 20% to Defendant Kerri A. Schmidt, Decedent's daughter.

Conversely, Defendants, through their respective counsel, pray that the change of beneficiary form purportedly executed December 7, 2023, be declared null and void as the product of fraud, forgery or undue influence, and that the funds be

distributed pursuant to the original beneficiary designation executed April 22, 2022. That beneficiary designation provides for the following distributions:

(1) 20% to Defendant Denise Gawejek;

(2) 20% to Defendant Jeff K. Schmidt;

(3) 20% to Defendant Kelly A. Hesketh;

(4) 40% to Defendant Kerri A. Schmidt.

In addition to potential issues of fraud and undue influence, this litigation also involves the capacity of Decedent to execute the beneficiary designation form in December 2023. In 2017 Defendant Jeffrey K. Schmidt was appointed the guardian of his father Kenneth Schmidt due to the latter being diagnosed with Alzheimer's disease.[1] The guardianship was terminated February 26, 2021. However, the physical and mental state of Decedent at or near the time of executing the December 2023 beneficiary designation form is very much at issue in this litigation. It is believed each of Decedent's medical providers, who possess evidence of his mental and physical condition, are all located within the greater Cincinnati area where Decedent resided.

Defendant have sought production records regarding Decedent's mental and physical condition from his medical providers including, but not limited to, Riverhills Neuroscience and Trihealth/Grouphealth. The records provided by Riverhills Neuroscience cover the period from May 2019 through July 2022. While production of Decedent's post-July 2022 medical records has been sought from Trihealth/Grouphealth, but they have not yet been produced.

## II. <u>LAW AND ARGUMENT.</u>

### A. <u>GENERAL 56(d) PRINCIPLES</u>

At this stage of litigation, the law overwhelmingly favors granting of the relief requested under Fed. R. Civ. P. 56(d). Fed. R. Civ. P. 56(d) provides as follows:

---

[1] Hamilton County Probate Court, Judge Ralph Winkler; Case No. 2017001567.

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) Defer considering the motion or deny it;
>
> (2) Allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) Issue any other appropriate order

"[I]t is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery." *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 U.S. Dist. LEXIS 160042, at *3 (N.D. Ohio Aug. 12, 2011), citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231-232 (6th Cir. 1994). The Sixth Circuit has made clear that "[i]f the [party seeking relief under Rule 56(d)] has not 'receive[d] a full opportunity to conduct discovery,' denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995), quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004); *see also Turnbow-Avery v. DeJoy*, Case No. 1:23-cv-571, 2024 U.S. Dist. LEXIS 106417 at *4-5 (S.D. Ohio June 14, 2024).

The Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery. These factors include (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Plott*, 71 F.3d at 1196-97.

### B. APPLICATION OF THE *PLOTT* FACTORS AND THE SPECIFIC DISCOVERY NEEDED IN THIS CASE

To be clear, Defendants are not arguing that they cannot mount *any* defense against Schmidt's summary judgment motion. However, without the benefit of discovery, Defendants are unable to present a full defense to Schmidt's Motion for Summary Judgment.

Let us explain: Schmidt's claim is dependent upon Decedent's Change of Beneficiary Form purportedly executed December 7, 2023, being executed when he had the mental capacity to do so and not subject to fraud or undue influence. Filing her motion for summary judgment before the medical records for that time period have been provided, although previously requested, further facilitates the possibility of fraud by denying full discovery of Decedent's medical condition.

Defendants have other defenses they wish to explore for which they need discovery. For example, all of Schmidt's claims require that Defendants are unable to show that Decedent lacked the mental capacity to a execute the Change of Beneficiary Form purportedly executed December 7, 2023. Defendants are entitled to test the assertions that (a) Decedent had the mental capacity to execute the December 7, 2023 Change of Beneficiary Form, (b) that he did so without fraud or undue influence, and (c) that Decedent actually signed the Change of Beneficiary Form. The unproduced medical records are critical to the issues of capacity, undue influence and/or fraud. In addition, Defendants have retained an expert to analyze the purported signature of Decedent. However, the disclosure of that expert and the submission of the expert's report are not due until October 30, 2026. Defendants also intend to take Stanfield's deposition to question him about the circumstances leading up to and surrounding the execution of the Change of Beneficiary Form.

Turning to the *Plott* factors, those factors weigh heavily in favor of Defendants. The first factor is when the party seeking discovery learned of the issue that is the subject of the desired discovery. Defendants learned of the issue when this action was filed. Upon the filing of the action, steps were by Defendant Hesketh to secure authority to obtain her father's medical records. The second factor—whether the desired discovery would change the ruling—does not really apply because there have been no rulings in this case. The third factor asks how long the discovery period has lasted. The Calendar Order was entered March 16, 2026 and it gave the parties through December 15, 2026 to complete fact discovery, and February 13, 2027 to submit dispositive motions. The purpose of this Motion is to allow Defendants to complete their discovery in this matter. Defendants have filed this Motion to allow them the time provided in the Court's Calendar Order. The last factor—whether the party moving for summary judgment was responsive to discovery requests—is not applicable yet because, as discussed previously, there has been no discovery in this case directed to Schmidt.

Summary judgment motions filed prior to discovery "are rarely granted and are disfavored." *Holiday v. Progressive Ins.*, No. 2:21-cv-173, 2021 U.S. Dist. LEXIS 18261, at *2 (D. Utah Sept. 22, 2021). Accordingly, Rule 56(d) motions "should ordinarily be treated liberally." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dish Network, LLC*, 17 F.4th 22, 34 (10th Cir. 2021). Defendants are not asking for extensive discovery, but Defendants should be permitted to (1) complete the medical records discovery that has already been initiated, and (2) depose the medical providers so that all parties can present all of their defenses to Schmidt's Motion for Summary Judgment and file their own Motion for Summary Judgment, if appropriate.

For the foregoing reasons, Schmidt's Motion for Summary Judgment (Doc. 23) should be denied without prejudice, and the Court should enter an Order providing all parties time to engage in discovery.

Respectfully submitted,

/s/ Christopher J. Mulvaney
Christopher J. Mulvaney
THE MULVANEY FIRM, LLC
8190-A Beechmont Avenue, Suite 323
Cincinnati, OH 45255
Tel: (513) 300-3480
E-mail: CMulvaney@mulvaneylegal.com

***Attorney for Defendants Jeffrey K. Schmidt, Kerri A. Schmidt, and Kelly Hesketh***

Respectfully submitted,

KRUEGER AND VALENTE LAW, LLC

*/s/ Jeffrey W. Krueger*
Jeffrey W. Krueger (Bar No. 0030093)
Email: JWKrueger@KandV-Law.com
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800

***Counsel for Defendant Denise Gawelek***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 20, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

KRUEGER AND VALENTE LAW, LLC

*/s/ Jeffrey W. Krueger*
Jeffrey W. Krueger (Bar No. 0030093)
Email: JWKrueger@KandV-Law.com
11925 Pearl Road, Suite 201
Strongsville, Ohio 44136
Telephone: (440) 732-2100
Fax: (440) 740-8800

***Counsel for Defendant Denise Gawelek***