**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ATLANTIC COAST LIFE INSURANCE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**DENISE GAWAJEK, et al.,**<br><br>Defendants. | **Case No. 1:25-cv-00706**<br><br>**Judge McFarland**<br><br>**MEMORANDUM IN OPPOSITION TO RULE 56(d) MOTION (doc. 24).**<br><br>**DECLARATION ATTACHED** |

Defendants' motion (doc. 24) for additional time to respond to Loretta Schmidt's Motion for Summary Judgment should be denied, for at least three reasons. First, the motion was untimely, and the movants made no effort to show—and cannot show—that the delay was because of their excusable neglect, as Civil Rule 6(b)(1)(B) requires. Second, even if the motion had been timely, the declaration supporting it does not meet Rule 56(d)'s requirements for specificity relating to the discovery sought. And third, even if the motion me the procedural requirements, the movants have not satisfied their burden of showing (among other things) that they have diligently pursued the discovery. To the contrary, despite claiming to need an expert report, the defendants did not even retain an expert until after their deadline to respond to the MSJ had passed, and even though this case has been pending for 18 months and even though they have known about these issues for even longer, they have issued no discovery

requests and have offered no explanation for why they have not obtained the documents on their own.

**1. The motion must be denied because it is untimely.**

Loretta's MSJ (doc. 23) and its supporting evidence (doc. 21 and 22) were filed on September 17. The defendants' response was due 21 days later, on October 8. *See* S.D. Ohio Civ.R. 7.2(a)(2) ("Any memorandum in opposition [to any motion] shall be filed within twenty-one days after the date of service of the motion.").

The defendants made no response of any kind within the time provided by the local rules. Instead, they moved for an extension of time about two weeks after their deadline expired. *See* doc. 24.

Rule 6(b)(1)(A) permits the Court to grant an extension of most deadlines for good cause—but only if the request for an extension is made *before* the deadline expires.

Under Rule 6(b)(1)(B), when asrequest for an extension is made *after* the deadline expires, the extension can only be granted if the party seeking the extension establishes that it failed to timely act because of excusable neglect. The party seeking the extension bears the burden of establishing excusable neglect. *See Yonofsky v. Wernick*, 362 F.Supp.1005, 1012 (S.D.N.Y. 1973). *See also In re Tesch*, 628 B.R. 60, 69 (W.D. Mich. Bankr. 2021) ("FCU, as the party requesting enlargement, bears the burden of demonstrating that its neglect was in fact excusable.") (construing analogous Bankr.R. 9006(b)(1)).

"Excusable neglect has been held to be a strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (CA6 2006). Excusable neglect is not always an easy term to identify, but among other things it requires *some* kind of explanation for the neglect. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (CA6 2006) (listing factors to consider in excusable neglect analysis, most of which go to the movant's conduct). When there is no explanation for the neglect at all—when the movant made no effort to excuse the neglect—then by definition it cannot be *excusable* neglect. *See, e.g, Fifth Third Bank v. NCS Mtg. Lending Co.*, 2006-Ohio-571, at ¶16 (Ohio App 1st Dist.) ("If there was no explanation for [the movant's action], then surely the neglect was not excusable.").

Here, the defendants offered no explanation of any kind for their failure to seek an extension in a timely manner. They do not even acknowledge that their motion was untimely. Maybe there were extenuating circumstances that justified the delay—but it seems equally likely that the defendants either were mistaken about or simply ignored their deadline, which manifestly is *not* excusable neglect. *See Nicholson* at 527 ("Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect."). We will never know which it is, because the defendants offered no explanation whatsoever. Their decision not to do so means that they have not met their burden of establishing their right to the requested relief, and the motion for additional time must be denied.

**2. The declaration and motion fail to contain the information required by Rule 56(d).**

Even if motion were timely, its attached declaration (doc. 24-1) is insufficient to satisfy the movants' burden. Rule 56(d) permits a court to defer consideration or allow additional discovery when the responding party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

The Sixth Circuit has explained that to be entitled to relief under Rule 56(d) the affidavit or declaration must identify the need for discovery, must explain what material facts the party hopes to uncover, and must state why those facts have not previously been discovered. *Zakora v. Chrisman*, 44 F.4th 452, 479 (CA6 2022). The party must affirmatively demonstrate how postponing a ruling will enable it to rebut the summary-judgment movant's showing that no genuine dispute of material fact exists. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (CA6 2014). "The need to comply with Rule 56(d) 'cannot be overemphasized.'" *Scadden v. Werner*, 677 F. App'x 996, 1000 (CA6 2017) (quoting *Cacevich v. City of Hazel Park*, 226 F.3d 483, 488 (CA6 2000).

A list of desired discovery does not satisfy that requirement. In *Zakora*, the Sixth Circuit upheld the denial of additional discovery where the affidavit failed to describe with sufficient specificity what discovery was sought or how the discovery would support the party's position. *Zakora* at 479. The court reiterated that generalized and conclusory statements about the need for discovery do not establish entitlement to

relief. *Id. See also Emmons v. McLaughlin*, 874 F.2d 351, 357 (CA6 1989) (requiring specific reasons why the nonmovant could not oppose summary judgment and how postponement would enable it to rebut the movant's showing).

Here, the declaration (doc. 24-1) identifies the types of discovery requests the defendants wish to make (one expert handwriting analysis, one set of medical records, and two depositions) but fails to explain what material facts each piece of discovery is expected to establish, how those facts would affect the issues raised in the motion for summary judgment, or why the defendants could not have obtained or did not obtain the evidence through diligent efforts before now. These are exactly the type of conclusiory statements that *Zakora* holds to be insufficient.

**3. Even if the declaration and motion met Rule 56(d)'s procedural requirements, the motion must be denied on its merits.**

Courts consider five factors when evaluating a request for additional discovery under Rule 56(d): "(1) when the movant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery has the potential to change the ruling at issue; (3) how long the discovery period had lasted; (4) whether the movant was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests." *Plott v. General Motors Corp.*, 71 F.3d 1190, 1196–97 (CA6 1995).

**A. The defendants were not diligent in pursuing the discovery.**

Although all five factors inform the analysis, the principal inquiry is whether the party seeking additional discovery has—or has not—"diligently pursued discovery of the evidence." *E.M.A. Nationwide*, 767 F.3d at 623. *See also Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (CA6 2010). The defendants fail this test spectacularly.

One of the pieces of discovery the defendants say they want to pursue is an expert handwriting analysis of Ken Schmidt's signature on the change of beneficiary form. *See* doc. 24-1 (declaration) at PAGEID #: 123, ¶4(b).

On Fridayd, October 30—a few hours before this brief was filed—counsel for three of the defendants (Chris Mulvaney) served on Loretta's counsel a copy of a putative expert report on handwriting. *See* Nye Decl. (attached), doc. 25-1, at ¶3. On page 1 of that report, the putative expert states that she was retained by Mr. Mulvaney "On October 19, 2026." *Id.* at ¶4. That date is 11 days *after* the defendants' response to the MSJ was due. The change of beneificairy form was signed in 2023, and was attached to the complaint filed in April of 2025, so the problem was not that the movants did not have the document—they have had it (or had access to it) for at least 18 months since the complaint was filed, and potentially for nearly three years since it was executed. But they waited until after their deadline to respond to the MSJ to retain an expert. That is manifestly *not* "diligently pursu[ing] discovery of the evidence," and so even if the

defendants had complied with Rule 56(d), the single most important factor in the *Plott* analysis weighs against them when it comes to the handwriting expert.

One of the other pieces of evidence they defendants say they want to pursue is medical record of decedent Ken Schmidt. One of the movants is Ken's daughter, Kelly Hesketh. Kelly was also the nominated executor of Ken's estate. In the parties' Rule 26(f) report (doc. 18) the parties agreed that Kelly would use her authority as the estate representative to obtain Ken's medical records. (In fact, the Court may recall that Kelly had a hearing in the Hamilton County Probate Court on *the same day* as the Rule 16(b) conference in this case, at which time she was granted that authority.) Kelly has offered no explanation (let alone any evidence) for why she has not obtained the medical records in the seven and a half months since the scheduling conference, and so she has not met her burden of showing that she has diligently pursued discovery of the evidence.[1]

In reality, it is much worse than just seven and a half months. Kelly began asserting some *twenty-two* months ago that Ken Schmidt allegedly lacked capacity to sign the change of beneficiary form; the entire reason this interpleader case was filed was that Kelly contacted the annuity company and demanded that they ignore the beneficiary form on file. *See* doc. 1 at PAGEID #: 4-5, ¶20-21 (describing Kelly's emails to

---

[1] In point of fact, Kelly *did* obtain *other* medical records. They are in the summary judgment record, *see* doc. 22-2, and as explained in the MSJ they do not support any conclusion that Ken Schmidt lacked capacity at the relevant time. No defendant has made any argument whatsoever about or in opposition to those records.

Atlantic Coast) and doc 1-12 at PAGEID #: 170 (emails between Kelly and Atlantic Coast in January and February of 2025). Kelly has, of course, been the nominated executor of Ken's estate that entire time. She has offered no explanation for why she has not obtained those records in the nearly two years since Ken died.

The Sixth Circuit has affirmed the denial of Rule 56(d) motions in these circumstances. In *Dunlap v. Sevier County*, 2021 U.S. App. LEXIS 21961, at *9–18 (CA6, July 23, 2021), the court affirmed the denial of additional discovery where the plaintiff failed to serve discovery requests or pursue available procedures during the time provided. In *Dowling*, the court concluded that the plaintiffs were dilatory because they allowed substantial periods to pass without meaningful discovery and failed to pursue formal discovery after informal efforts proved insufficient. 593 F.3d at 479–80. Likewise, *Scadden* upheld the denial of additional discovery where the nonmovant had ample opportunity to pursue discovery but failed to use it. 677 F. App'x at 999–1000. These decisions stand for the principle that a party cannot wait until summary judgment is pending and then begin discovery that it could have pursued earlier.

Defendants' conduct falls squarely within that principle. Their motion offers no explanation for any delay in conducting discovery, identifies no circumstance beyond their control that prevented earlier discovery, and fails to explain why they waited until the filing of the motion for summary judgment to seek additional discovery. *See* doc. 24.

The single biggest *Plott* factor—whether the movants have diligently pursued the evidence—definitively forecloses the defendants' argument, and the motion must be denied.

**B. The other *Plott* factors also support denying the motion.**

The first *Plott* factor weighs asks how long the defendants have known of the issue. The Sixth Circuit has instructed that "[t]his factor primarily pertains to situations where there was something that prevented a party from learning about a subject of desired discovery until after some discovery had already been sought." *Doe v. City of Memphis*, 928 F.3d 481, 492-93 (CA6 2019). Here, the defendants expressly acknowledge that there has been no intervening development, stating that "Defendants learned of this issue when this action was filed." *Id.* at PAGEID #: 120. That would be long enough—the action as filed some 18 months ago—but as noted above, they've actually known much longer. Movant Kelly Hesketh raised the issues presented by the motion in emails as far back as about 22 months ago.

In *E.M.A. Nationwide*, the Sixth Circuit affirmed the denial of Rule 56(d) relief where the movants knew of the issues underlying the requested discovery early in the proceedings. 767 F.3d at 624. In *Dunlap* the Sixth Circuit said that the plaintiff's knowledge of the issues well before the summary-judgment motion undermined the assertion that additional time was necessary to prepare an opposition. *Dunlap v. Sevier County*, 2021 U.S. App. LEXIS 21961, at *17–18 (CA6, July 23, 2021).

The same reasoning applies here. The defendants knew from the outset that they intended to challenge Ken's capacity, and the authenticity and circumstances of the signature. *See* doc. 8-1, doc. 1-12 (Hesketh Email to Plaintiff) PAGEID #: 170. They had the opportunity to obtain medical records, depositions, and expert analysis during discovery. The issue is not new and nothing has changed.

The second *Plott* factor asks about the materiality of the facts sought to be discovered. They are not material. The record already contains evidence from an independent non-party who personally observed Ken Schmidt sign the documents at issue. A handwriting expert cannot add any relevant evidence. The record also already contains medical records showing an absence of any evidence of mental infirmity. Additional medical records will not change that.

The third *Plott* factor relates to the length of the discovery period. The discovery period formally started more than seven months ago, and that alone is enough time to have done any discovery. *See Dunlap*, 2021 U.S. App. LEXIS 21961, at *10 (affirming denial of 56(d) motion: "The Dunlaps had sufficient time and opportunity to collect the information necessary to contest summary judgment, as the case remained pending for fourteen months before the county defendants filed their motion. Mr. Dunlap had at least seven months to engage in formal discovery…"). But as discussed above, the movants knew about these issues for far longer, and could have (and should have) pursued any of this evidence long before the Court entered a scheduling order.

The fifth and final *Plott* factor asks whether the party who moved for summary judgment (Loretta) was dilatory in responding to discovery. She was not. As the motion concedes , "there has been no discovery in this case directed to [Loretta] Schmidt." *See* doc. 24 at PAGEID #: 120.

## CONCLUSION

The movants motion for additional time must be denied because it was untimely.

Even if it were timely, its declaration does not meet Rule 56(d)'s requirements.

And even if the declaration met the requirements, it should be denied on its merits. The defendants have had more than enough time to conduct discovery in this case. They did not even retain an expert until after their deadline to respond to the MSJ expired, and they have offered no explanation (let alone evidence) for why they have been unable to obtain the other discovery earlier.

The Court must deny the motion for additional time (doc. 24), and grant the motion for summary judgment (doc. 23).

Respectfully submitted,
*/s/ Jeffrey M. Nye*
Jeffrey M. Nye (0082247)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
Tel. (513) 533-6714
Fax (513) 533-2999
jmn@sspfirm.com
***Attorney for Defendant Loretta A. Schmidt***