IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>Vs.<br><br>DENISE GAWAJEK, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No 1:25-CV-706<br><br>Judge Matthew W. McFarland<br><br>**REPLY MEMORANDUM IN SUPPORT OF JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT** |

COME NOW Defendants KERRI SCHMIDT, JEFFREY K. SCHMIDT, and KELLY S. HESKETH, ("Moving Defendants") by and through the undersigned counsel, and hereby submit the following Reply in support of the joint motion to permit additional discovery before defendants respond to L. Schmidt's Motion for Summary Judgment.

Defendant Loretta Schmidt ("L. Schmidt") filed her Motion for Summary Judgment (Doc. 23) in this Court on September 17, 2026, approximately three months before the December 15, 2026 discovery deadline in this action. As cited in Defendants' original Motion for additional time to conduct discovery, the Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery. These factors include (1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests. *See CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008); *Plott*, 71 F.3d at 1196-97.

## I. Defendants' untimely filing of October 20, was the result of excusable neglect.

Defendant L. Schmidt filed her motion for summary judgment on September 17, 2026, roughly three months prior to the close of discovery in this matter, and six weeks prior to the deadline to disclose expert witnesses. As articulated in L. Schmidt's Memorandum, S.D. Ohio Civ. R. 7.2(a)(2) generally requires an opposition within 21 days after service of the motion, subject to an applicable court order setting a different deadline. Rule 6(a) controls time computation. Through an admitted error and misapplication of the Federal Rules, the undersigned mistakenly docketed defendants' response date for 30 days later- erroneously applying the Ohio rather than Federal rule. (See Declaration of Counsel, ¶3). The mistake was inadvertent and not intended to cause any delay. And the undersigned communicated with opposing counsel, again erroneously suggesting defendant's response deadline and requesting a voluntary extension of time. Opposing counsel refused. *Id.* The undersigned did not learn of the error in docketing until L. Schmidt opposed defendants' request for additional time to conduct discovery. *Id.*

Fed. R. Civ. P. 6(b)(1)(B) permits an extension after a deadline has expired, on motion and for good cause, if the party failed to act because of excusable neglect. Before expiration, Rule 6(b)(1)(A) permits an extension for good cause without the additional excusable-neglect requirement. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392, 395 (1993), the Supreme Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Nevertheless, the inquiry is equitable and can encompass mistake or carelessness. *Pioneer* arose in bankruptcy, but its analysis applies to Civil Rule 6(b). Under *Nafziger v. McDermott International, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), the Sixth Circuit articulated the issues/facts to be balanced:

The danger of prejudice to the opposing party.

The length of the delay and its potential impact on judicial proceedings.

The reason for the delay.

Whether the delay was within the late-filing party's reasonable control.

Whether the late-filing party acted in good faith.

Here, Defendants' delay was a matter of 9-10 days, and could not possibly cause significant prejudice to the opposing party. And as articulated in the declaration of counsel, the delay was a good faith misapplication of the federal rule governing summary judgment. Admittedly, the lack of prejudice and good faith support relief, but do not automatically outweigh an inadequate explanation or disruption of the court's schedule. But again, the delay here does not adversely impact the court's schedule in that Defendants do not seek time beyond what the court's scheduling order has already provided.

In *Pincay v. Andrews*, 389 F.3d 853, 855–60 (9th Cir. 2004) (*en banc*) the Ninth Circuit addressed a case that is factually similar. In *Pincay,* a paralegal misread the rule governing the time to appeal, and counsel relied on that calculation. The Ninth Circuit upheld the district court's finding of excusable neglect after considering the Pioneer factors and rejected a categorical bar based on the misreading. A similar result is appropriate here and Defendants respectfully request the Court to accept their prior filing and rule upon its merits.

## II. Additional time to complete discovery is warranted.

L. Schmidt cites *Zakora v. Chrisman*, 44 F.4th 452, 479 (CA6 2022) for the proposition that a party moving for additional discovery must affirmatively demonstrate how postponing a ruling will enable it to rebut the summary-judgment movant's showing that no genuine dispute of material fact exists. In addition to articulating the specific discovery that is needed- namely expert witness disclosure, the depositions of Loretta Schmidt and Ken Stanfield, Defendants have also articulated via the original motion and

this Reply, specifically what information is being sought: The depositions of Loretta Schmidt and Ken Stanfield are necessary to elicit specific information regarding the purported execution of the change of beneficiary designation form as well as the nature of Loretta Schmidt's relationship with her former husband in the last few years of his life. Specifically, whether she may have been exerting undue influence in an effort to have him change his estate planning. This information/discovery is particularly important given that Ohio law recognizes a rebuttable presumption of undue influence when a beneficiary had a confidential or fiduciary relationship with the decedent. See, e.g. *In re Estate of Means v. Means*, 2025-Ohio-2564, ¶¶ 31–34, 44 (3d Dist.) Additionally, counsel has asked, on at least two prior occasions, for potential dates to depose Loretta Schmidt. Counsel for Ms Schmidt has not responded. (Declaration of Counsel, ¶¶4-5). It would seem axiomatic that Defendant L. Schmidt cannot complain about what discovery the remaining defendants have or have not completed, while simultaneously refusing to respond to legitimate discovery requests.

Additionally, Defendant L. Schmidt's opposition implies/suggests that codefendants have done little to nothing to pursue discovery. On the contrary, discovery in this matter required defendants to go through the steps to open an estate for the sole purpose of obtaining medical records; seek to have an administrator/executor, appointed for that purpose and then pursue relevant records collection. This included records from decedent's PCP who has subsequently retired, with his prior practice having been merged with GroupHealth/Trihealth. Decedent's records from Riverhills Neurology have been obtained and produced. *Id*. Additionally, the undersigned spent considerable time locating and interviewing potential expert witnesses given defendants' suspicion that the signature appearing on the change in beneficiary designation form may not be that of their father. *Id.*

Defendant L. Schmidt also makes much of the fact that this case has been pending for some time, glossing over the fact much time has been devoted to procedural matters,

including defendants' successful motion to transfer venue to this Court. And the case schedule was not issued until approximately six months prior to L. Schmidt's filing. Notably, the joint discovery plan, which counsel for L. Schmidt not only agreed to, but actually filed on behalf of all parties, suggested that a mediation was contemplated, and if unsuccessful, that a shortened deadline for discovery and dispositive motion deadline might be requested. No mediation has occurred and L. Schmidt did not request either a revision to the discovery deadline, or the deadline to file dispositive motions.

Defendant L. Schmidt's position appears to be that because she has provided self-serving affidavits attesting to the validity of decedent's signature, and purported lack of "undue influence", the remaining defendants cannot prevail as a matter of law. In this instance, these Defendants have not merely articulated reasons why additional discovery is needed, but have actually produced an expert opinion, within the time frame ordered by the court. Specifically, the opinion report of Ashley Schmucker of Precision Handwriting Analysis LLC found it strongly probable that the signature(s) on the beneficiary designation form at issue, was not that of decedent Kenneth Schmidt. (Declaration, ¶ 10.) This opinion alone, warrants the denial of summary judgment but was not due to be produced until after Defendant's opposition to the motion for summary judgment was due. Notably, counsel for L. Schmidt takes issue with the fact that this report was produced mere hours before her opposition brief was filed. However, that disclosure was pursuant to the Court's scheduling order. If Defendant L. Schmidt wished to revise the scheduling order, she was free to file a motion to do so. But did not.

Defendants have fully complied with Rule 56(d), which allows the nonmovant to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," after which the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery;

or (3) issue any other appropriate order." So, when a nonmovant believes that it needs more time for discovery before it can respond to a motion for summary judgment, "the non-movant must file an affidavit pursuant to Fed. R. Civ. 56[(d)] that details the discovery needed, or file a motion for additional discovery." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters*, Inc., 280 F.3d 619, 627 (6th Cir. 2002). For these reasons, Defendants' joint motion should be granted.

Respectfully submitted,

/s/ Christopher J. Mulvaney
Christopher J. Mulvaney
THE MULVANEY FIRM, LLC
8190- A Beechmont Ave., Suite 323
Cincinnati, OH 45255
Tel: (513) 300 3480
CMulvaney@mulvaneylegal.com
***Attorney for Defendants Kerri Schmidt, Kelly S. Hesketh and Jeffrey K. Schmidt***

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.