IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ATLANTIC COAST LIFE INSURANCE COMPANY, | ) | CASE NO. 1:25-CV-00706 |
| | ) | |
| Plaintiff, | ) | JUDGE MCFARLAND |
| | ) | |
| Vs. | ) | |
| | ) | **DECLARATION OF CHRISTOPHER J. MULVANEY** |
| DENISE GAWAJEK, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1. My name is Christopher J. Mulvaney, and I make this Declaration upon personal knowledge, and I am competent to testify herein.

2. I am trial counsel for Defendants Jeffrey K. Schmidt, Kerri A. Schmidt, and Kelly Hesketh in the above-captioned case.

3. Defendant L. Schmidt filed her motion for summary judgment on September 17, 2026, roughly three months prior to the close of discovery in this matter. Through an admitted error and misapplication of the Federal Rules, the undersigned mistakenly docketed defendants' response date for 30 days later- erroneously applying the Ohio rather than Federal rule. The mistake was inadvertent and not intended to cause any delay. And the undersigned communicated with opposing counsel, again erroneously suggesting defendant's response deadline and requesting a voluntary extension of time. Opposing counsel refused. The undersigned did not learn of the error in docketing until L. Schmidt opposed defendants' request for additional time to conduct discovery.

4. On October 19, 2026, I requested potential dates for the deposition of co-defendant Loretta Schmidt. Defense counsel for Ms. Schmidt did not respond.

5. On October 28, 2026, I renewed my request for dates to depose Loretta Schmidt. Counsel for Ms. Schmidt has not responded.

6. The undersigned has also been in contact with financial advisor Ken Stanfield, who appears to have prepared the beneficiary designation form at issue in this litigation. Mr. Stanfield has likewise been asked to provide potential dates for his deposition as well.

7. The depositions of Loretta Schmidt and Ken Stanfield are necessary to elicit specific information regarding the purported execution of the change of beneficiary designation form as well as the nature of Loretta Schmidt's relationship with her former husband in the last few years of his life. Specifically, whether L. Schmidt occupied a position of confidential or fiduciary relationship with Kenneth Schmidt, and whether she may have been exerting undue influence in an effort to have him change his estate planning.

8. Defendant L. Schmidt's opposition implies/suggests that codefendants have done little to nothing to pursue discovery. On the contrary, discovery in this matter required theses 3 defendants to open an estate for the sole purpose of obtaining medical records; seek to have an administrator appointed for that purpose and then pursue records collection including that of decedent's PCP who has subsequently retired, with his prior practice having been merged with GroupHealth/Trihealth. Decedent's records from Riverhills Neurology have been obtained and produced.

9. Additionally, the undersigned spent considerable time locating and interviewing potential expert witnesses given my clients' suspicion that the signature appearing on the change in beneficiary designation form may not be that of their father.

10. Pursuant to the court's case schedule, on October 30, 2026 defendants timely produced an expert witness report appearing to vindicate their concerns. Specifically, the opinion report of Ashley Schmucker of Precision Handwriting Analysis LLC found it strongly probable that the signature(s) on the beneficiary

designation form at issue was not that of decedent Kenneth Schmidt.

11. The joint discovery plan, which counsel for L. Schmidt not only agreed to, but actually filed on behalf of all parties, suggested that a mediation was contemplated, and if unsuccessful, that a shortened deadline for discovery and dispositive motion deadline might be requested. No mediation has occurred and L. Schmidt did not request either a revision to the discovery deadline, or the deadline to file dispositive motions.

12. To fully respond to the Motion for Summary Judgment filed by Defendant Loretta Schmidt, Defendants (including Denise Gawelek) request time to complete the above referenced discovery. The requested discovery is focused, finite and will not delay the resolution of this case.

I declare on this 13th day of November 2026 under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_Christopher J. Mulvaney_
Christopher J. Mulvaney (068517)